UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DAMION E. CLARK,

    Petitioner,

v.                                          Case No.  5:13-cv-597-Oc-33PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

_____/

## ORDER

This cause is before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (the "Petition") filed by Damion E. Clark (Doc. 1).  Respondents filed a Response to Petition (the "Response") (Doc. 19), and Clark filed a Reply (Doc. 20).  For the reasons set forth below, the Petition will be denied as untimely.

### I. PROCEDURAL BACKGROUND

The State charged Clark by indictment with first degree murder.[1] (App. A).   A jury found that (1) Clark was guilty of second degree murder (a lesser included offense) and (2) Clark used a firearm during the commission of the offense.  (App. B at 128).  On February 17, 2006, the trial court adjudicated Clark guilty of the crime and sentenced him to life imprisonment, with a minimum mandatory term of twenty-five years.  *Id.* at 163-66.   The Florida Fifth District Court of Appeal affirmed *per curiam* on October 30, 2007. (App. H).  The mandate issued on November 16, 2007.  (App. I).

---

[1] The appendices are found at Doc. Nos. 21-22 and will be referred to as "App." followed by the exhibit designation.

On August 26, 2008, Clark filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850,[2] *see* App. J, which the trial court dismissed on September 16, 2008, without prejudice to Clark's right to file a Rule 3.850 motion not exceeding twenty pages in length. (App. K). The trial court found that the Rule 3.850 motion, which exceeded fifty pages in length, was unnecessarily excessive.

On October 12, 2008, Clark filed an amended Rule 3.850 motion, *see* App. L, which he later amended on October 15, 2008. On October 20, 2008, the trial court again dismissed the Rule 3.850 motion without prejudice to Clark's right to file an amended Rule 3.850 motion not exceeding twenty pages in length. (App. P). The trial court found that the Rule 3.850 motion, which exceeded fifty pages in length, was unnecessarily excessive "and in derogation of the Court's previous Order limiting the Defendant's Amended Motion to twenty pages." *Id.*

On October 21, 2008, Clark filed an amendment to the Rule 3.850 motion filed on October 12, 2008, *see* App. Q, and, on November 3, 2008, the trial court dismissed the amendment without prejudice to Clark's right to file a complete amended Rule 3.850 motion not exceeding twenty pages in length. (App. S).

On October 29, 2008, Clark filed an amended Rule 3.850 motion, which was twenty pages in length. (App. T). However, on November 4, 2008, Clark filed

---

[2]   Unless otherwise noted, the pleadings filed by Clark after the conclusion of the direct appeal were *pro* se. References to the filing date of pleadings by Clark *pro se* shall be the filing date under the mailbox rule. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

amendments to his October 12, 2008, and October 29, 2008 Rule 3.850 motions. (App. U, App. V). On December 15, 2008, the trial court dismissed the Rule 3.850 motions and amendments without prejudice because they failed to comply with its previous orders regarding page length. (App. X). The dismissal was without prejudice to Clark's right to file a complete Rule 3.850 motion not exceeding twenty pages in length.

On December 19, 2008, Clark filed another Rule 3.850, which was twenty pages in length. (App. Z). On May 4, 2009, Clark filed a supplemental Rule 3.850 motion. (App. BB). On May 5, 2009, the trial court struck the Rule 3.850 motion and supplemental Rule 3.850 motion without prejudice to Clark's right to file one complete Rule 3.850 motion not exceeding twenty-five pages in length. (App. DD).

On August 27, 2009, Clark filed another Rule 3.850 motion. (App. FF). On March 23, 2010, the trial court entered an order denying grounds 1, 2, 5(b), and 5(c), but granting an evidentiary hearings as to grounds 3, 4, and 5(a). (App. JJ). Clark appealed, but later moved to dismiss the appeal. On May 10, 2010, the state appellate court dismissed the appeal. (App. KK).

The trial court held an evidentiary hearing, and, on May 1, 2012, it denied the remaining claims. (App. RR). On January 22, 2013, the state appellate court affirmed *per curiam*. (App. UU). The mandate issued on February 15, 2013. (App. VV.) Clark filed the Petition on June 28, 2013.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2244,

3

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)   the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### III. ANALYSIS

In the present case, the state appellate court entered its *per curiam* affirmance of Clark's conviction and sentence on October 30, 2007.  Clark then had ninety days, or through January 28, 2008, to petition the Supreme Court of the United States for a writ of certiorari (ninety days runs from when judgment entered or when motion for rehearing was denied).[3]  Thus, under § 2244(d)(1)(A), the judgment of conviction became final on

---

[3]   Rule 13 provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice).  But if a petition for rehearing is timely filed in the lower court by any party, the time to file the

4

January 28, 2008, and Clark had through January 28, 2009, absent any tolling, to file a federal habeas petition.

Respondents argue that the following motions were not properly filed, and, thus did not toll the one-year period of limitation: the Rule 3.850 motion filed on August 26, 2008; the Rule 3.850 motion filed on October 12, 2008, and the amendments thereto; the Rule 3.850 motion filed on October 21, 2008, and the amendments thereto; the amended Rule 3.850 motion filed on November 4, 2008; and the supplemental Rule 3.850 motion filed on May 4, 2009. As a result, Respondents argue that the Petition is untimely.

Pursuant to section 2244(d)(2), the one-year period is "tolled" for the time during which a properly filed state postconviction or collateral proceeding is pending. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, *the form of the document*, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis added).

Rule 3.850(c)(6) deals with the "form of the document, and it specifically requires a prisoner's motion for postconviction relief to include, among other things, "a brief

---

    petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

5

statement of the facts" supporting the motion.[4]  In a similar case, the Eleventh Circuit Court of Appeals found as follows:

> The state court dismissed Petitioner's Rule 3.850 motion without prejudice for failing to comply with the expressed requirement of Rule 3.850 that his motion include a "brief statement of the facts." That a Rule 3.850 motion include a brief statement of the facts is a written requirement of the Rule that must be followed by all litigants: a rule that prescribes the form of Rule 3.850 filings in the Florida courts. *See Artuz*, 121 S. Ct. at 365 (filing requirements "prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."). As determined by a Florida state court, Petitioner failed to comply with the Rule 3.850 "brief statement" filing requirement.
>
> Given Florida's "brief statement" requirement, Petitioner's first Rule 3.850 motion for postconviction relief was improperly filed . . . .

*Price v. Sec'y Dep't of Corr.*, 489 F. App'x 354, 356 (11th Cir. 2012).

In the present case, the trial court dismissed without prejudice several Rule 3.850 motions filed by Petitioner because they failed to comply with previous orders regarding page length. Consequently, the "form" of these Rule 3.850 motions did not comport with the applicable Florida rules since they failed to include a "brief statement of the facts," and they failed to comply with the trial court's dictates regarding page length. As a result, the following Rule 3.850 motions were not properly filed:  the Rule 3.850 motion filed on August 26, 2008; the Rule 3.850 motion filed on October 12, 2008, and

---

[4] Effective July 1, 2011, the Florida Legislature revised some of Rule 3.850. The following language was originally added to Rule 3.850(c), but is now in Rule 3.850(d):

> Motions shall be typewritten or handwritten in legible printed lettering, in blue or black ink, double-spaced, with margins no less than one inch on white 8 1/2–by–11 inch paper. No motion, including any memorandum of law, shall exceed 50 pages without leave of the court upon a showing of good cause.

Fla. R. Crim. P. 3.850(d).

6

the amendments thereto; and the Rule 3.850 motion filed on October 21, 2008, and the amendments thereto.

The Rule 3.850 motions filed on October 29, 2008, and December 19, 2008, initially conformed to the page requirement set forth by the trial court, and, for purposes of this discussion, the Court will find that they were properly filed. The Rule 3.850 motion filed on August 27, 2009, was properly filed.

When Petitioner filed his Rule 3.850 motion on October 29, 2008, 275 days of the one-year period had run. Those proceedings concluded on December 15, 2008, and the one-year period ran for 4 days when Petitioner filed his amended Rule 3.850 motion on December 19, 2008. Those proceedings concluded on May 5, 2009, when the trial court struck the motion and amendments thereto. At that point, 279 days had run. Thus, the one-year period expired 86 days later on July 30, 2009, and the Petition was untimely.[5]

Petitioner has not demonstrated that he qualifies for statutory or equitable tolling, nor has he made a showing of actual innocence that might authorize the Court to review his claims. As a result, the Petition is time-barred by the AEDPA's one-year statute of limitations and is dismissed.

---

[5] The Rule 3.850 motion filed on August 29, 2009, did not toll the one-year period since it was filed after the one-year period had expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

### IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1) filed by Damion E. Clark is **DENIED**, and this case is **DISMISSED with prejudice**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

### CERTIFICATE OF APPEALABILITY AND

### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis. Petitioner is required to pay the $505.00 appellate filing fee unless the appellate court grants Petitioner in forma pauperis status on appeal.

**DONE** and **ORDERED** in Tampa, Florida on February 18, 2015.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
OrlP-2 2/18
Damion E. Clark
Counsel of Record